# In the United States Court of Federal Claims

No. 20-1603

(Filed: March 4, 2021)

(NOT TO BE PUBLISHED)

|  |  |
|---|---|
| **LAVERN C. FASTHORSE and JERRY JAY,** | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **UNITED STATES,** | ) ) ) |
| Defendant. | ) ) |

Lavern C. Fasthorse, Jerry Jay, *pro se*, Carson City, Nevada.

Rafique O. Anderson, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the United States. With him on the brief was John V. Goghlan, Deputy Assistant Attorney General, Federal Programs Branch, Robert E. Kirschman, Jr., Director, and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiffs Lavern C. Fasthorse and Jerry Jay have brought suit seeking injunctive relief for an alleged taking of property by the United States. *See* Compl., ECF No. 1. Plaintiffs allege that their real property has been "[o]ccupied [b]y [t]he [d]efendant since 1848," and ask the court for "[j]ust [c]ompensation" as well as "a decision to reinstate aboriginal [t]itle" to this property. Compl. at 1-2. Mr. Fasthorse and Mr. Jay also request a hearing with Senior Judge Royce C. Lamberth of the United States District Court for the District of Columbia "to address this issue." Compl. at 2. Plaintiffs cite the Tucker Act, the Fifth Amendment to the United States Constitution, various treaties, and judicial decisions concerning those treaties as grounds for jurisdiction in this court. Compl. at 1.

Pending before the court is the United States' ("the government") motion to dismiss plaintiffs' complaint pursuant to Rules 12(b)(1) and (6) of the Rules of the Court of Federal Claims ("RCFC").  *See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 10.  Plaintiffs have not filed a response to the motion, and the time to do so has expired.  Because Mr. Fasthorse and Mr. Jay have failed to establish jurisdiction by a preponderance of the evidence, the government's motion to dismiss is GRANTED and plaintiffs' claims are DISMISSED.

## STANDARDS FOR DECISION

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)).  If a plaintiff fails to raise a claim under a money-mandating provision, this court "should [dismiss] for lack of subject matter jurisdiction."  *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

As plaintiffs, Mr. Fasthorse and Mr. Jay must establish jurisdiction by a preponderance of the evidence.  *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[1] When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."  *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)).  "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law."  *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[1] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements."  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 15 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")).  This leniency, however, cannot extend to lessening jurisdictional requirements.  *See Kelley v. Secretary, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only.").

**ANALYSIS**

In its motion to dismiss, the government asserts that "[t]he complaint fails to allege any basis for jurisdiction," as it "does not allege the existence of a contract with the Federal Government[,] . . . [n]or does it identify a money-mandating statute or regulation." Def.'s Mot. at 5. Plaintiffs allege that Mr. Fasthorse is a member of the Oglala Sioux Tribe and that Mr. Jay is a member of the Navajo Tribe. Compl. at 1. Plaintiffs also appear to assert that the land at issue, covering "23 States," is subject to the Treaty of Guadalupe Hidalgo, the Fort Laramie Treaties, and the 1783 Treaty of Paris. Compl. at 1-2. Aside from these allegations, however, the complaint is sparse on factual material. Plaintiffs mention the Tucker Act and the Fifth Amendment to the United States Constitution, *see* Compl. at 1, but the mere invocation of these legal underpinnings for a takings claim is insufficient to establish subject-matter jurisdiction. *See Trusted Integration*, 659 F.3d at 1163 (citation omitted). The court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff," but a lack of factual material in the complaint prevents the court from making such inferences. *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)).

Furthermore, plaintiffs' recitation of various treaties fails to establish subject-matter jurisdiction. The Treaty of Guadalupe Hidalgo established peace and designated a new boundary line between the United States and Mexico. *See* Peace, Friendship, Limits and Settlement (Treaty of Guadalupe Hidalgo), U.S.-Mex., arts. I, V, Feb. 2, 1848, 9 Stat. 222. The complaint "fails to explain why the court has jurisdiction, when Congress established a separate administrative scheme for claims brought under the Treaty, and when such claims were required to be brought over 160 years ago." *Daniels v. United States*, 2018 WL 1664476, at *8 (Fed. Cl. April 6, 2018). As for plaintiffs' citation of the Fort Laramie Treaties, the United States and the Sioux Tribe, along with other Tribes, formed the Fort Laramie Treaty of 1851 to end "all hostilities whatever against each other . . . and to make an effective and lasting peace." Treaty of Fort Laramie with Sioux, Etc., art. I, Sept. 17, 1851, 11 Stat. 749. The Fort Laramie Treaty of 1868 had a similar goal. *See* Treaty with the Sioux, Apr. 29, 1868, 15 Stat. 635. This subsequent treaty provided that "[i]f . . . people subject to the authority of the United States[] shall commit any wrong upon the person or property of the Indians, the United States will . . . re-imburse the injured person for the loss sustained." *Id.* art. I. However, the lack of factual allegations in the complaint preclude the court from concluding that the Fort Laramie Treaty of 1868 provides a sufficient basis for exercising jurisdiction over plaintiffs' claims. Lastly, the 1783 Treaty of Paris ended the Revolutionary War. *See* Definitive Treaty of Peace Between the United States of America and his Britannic Majesty (1783 Treaty of Paris), U.S.-Eng., Sept. 3, 1783, 8 Stat. 80; *see also Seneca Nation of Indians v. New York*, 382 F.3d 245, 253-54 (2d Cir. 2004) (outlining the history leading to the treaty). This treaty did not "create any substantive right enforceable against the United States for money damages" for Mr. Fasthorse and Mr. Jay. *Testan*, 424 U.S. at 398. Plaintiffs have thus failed to "identify a separate source of substantive law that creates the right to money damages." *Fisher*, 402 F.3d at 1172 (citation omitted).

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED.  Plaintiffs' complaint shall be DISMISSED for lack of subject-matter jurisdiction.  The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.


  s/Charles F. Lettow             
Charles F. Lettow
Senior Judge